Dear Ms. Jordan:
This office is in receipt of your request for an opinion of the Attorney General in regard to psychiatric treatment of state prisoners held in the Vernon Parish facility. You indicate the parish prison was built by issuance of private bonds but the inmate population is ninety percent state prisoners for which the state pays $28 dollars a day. Prisoners who need psychiatric help are being refused treatment by the Leesville Mental Health Facility on the basis the Vernon Parish prison is a private prison and not a state entity. Accordingly, you ask whether a state mental health facility can refuse treatment of state prisoners convicted of a felony when housed in a private correctional facility. In other words, does it make a difference whether the convicted felon is housed in a state or private correctional facility as far as receiving treatment in a public facility.
R.S. 39:1800.1 et seq is the Louisiana Corrections Private Management Act which was adopted to provide for financing, construction, operation, maintenance, security and management of correctional facilities and related matters, and R.S. 39:1800.4
authorizes local governmental subdivisions to enter into contracts with prison contractors for operation of prison facilities. R.S. 39:1800.3 defines correctional services as including "medical services", and R.S. 39:1800.4(D)(4) provides that contracts awarded under the provisions of this Chapter shall at a minimum comply with providing proper food, clothing, housing, and medical care, including geriatric care for inmates. By paragraph (G) the department and local governmental subdivisions are authorized to monitor the operations and correctional services provided to them by a private prison contract.
However, we feel this must be read in pari materia with provisions of TItle 15 regarding expenses of state prisoners in a parish facility. The per diem paid to the sheriff under R.S.15:824 is for keeping and feeding the state prisoner kept in a parish facility, but, in addition, the department shall reimburse the cost of extraordinary medical expenses incurred in emergency circumstances and the closest services available are to be used. In accordance with R.S. 15:831 the secretary of the department shall prescribe standards for medical services on an outpatient basis or in a hospital for all types of patients, and an inmate may be taken to a medical facility outside the institution when deemed necessary by the director. However, if not life threatening, the legislature mandates the medical facility selected shall be a part of the state's charity hospital system.
While contracts awarded by local governmental subdivisions under the act for management of correctional facilities shall provide proper medical care, we do not feel this will affect state prisoners whose care is controlled by statute and paid for by the Department unless the Department has participated in the contract. Based upon the statutory provisions we must conclude that a state prisoner held in a parish facility who needs psychiatric care must be taken to the closest public service available. Consequently, we do not believe the Leesville Mental Health Facility can refuse the state prisoner on the basis they are being held in a private prison. A parish prisoner would be treated in accordance with the contract entered into under the act, but we do not feel this would extend to the state prisoner in the same facility if there has been no participation in the contract by the Department.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR